**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
*spencer@spencersheehan.com*

| | |
|---|---|
| United States District Court<br>Southern District of New York | 1:19-cv-08729 |
| Hipolito Baez, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff<br><br>           - against -<br><br>Bio-Nutritional Research Group, Inc.<br>                    Defendant | Complaint |

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Bio-Nutritional Research Group, Inc. ("defendant") manufactures, distributes, markets, labels and sells whey protein wafer bars under the Power Crunch brand ("Products").

2. The Products are available to consumers nationwide from third-party retailers, including brick and mortar and online stores and directly from defendant's website.

3. The Products are 1.4 OZ (40 G) and sold individually or in cases of twelve (12).

4. The Products are available in varieties including: chocolate mint, salted caramel, French vanilla crème and wild berry crème.

5. The labeling or advertising of the Products makes direct and/or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g.,

1

depiction of a fruit, or other means, shown in the following table.[1]

| Variety | Front Label |
|---|---|
| Chocolate Mint |  |
| Salted Caramel | |
| Wild Berry Crème | |
| French Vanilla Crème | |

6. The front label representations include (1) the brand name, "Power Crunch," (2) product description, "Protein Energy Bar," (3) grams of protein, (4) grams of sugar, (5) the name of the characterizing flavor, i.e., Chocolate Mint, (6) vignette of the characterizing flavor, i.e., chocolate, mint leaves and mint chocolate chip ice cream for Chocolate Mint and (7) color pattern reflective of the characterizing flavor, i.e., green stripe along the product for Chocolate Mint.

---

[1] 21 C.F.R. § 101.22(i).

7. The images and vignettes used to advertise and market the Products in digital and/or print media further the front-label impression that they contain the characterizing ingredients, shown below.[2]



I. The Representations are Misleading because the Products do not Contain the Named and/or Characterizing Ingredients

8. Based on the representations, consumers expect the Products to contain amounts of the characterizing ingredients sufficient to independently characterize the food.

9. Ingredients that could be characterizing for the Products are presented below.

| Variety | Expected Ingredients |
|---|---|
| Chocolate Mint | Mint oil |

---

[2] Clockwise: Chocolate Mint, Salted Caramel, French Vanilla and Wild Berry Crème

3

      Salted Caramel               Caramel

      French Vanilla Crème      Vanilla flavoring or vanilla extract

      Wild Berry Crème          Wild Berry Puree

10. However, the Products do not contain the characterizing ingredients, shown through the ingredient lists, but contain "natural flavors" and/or "artificial flavors."

| Variety | Ingredient List |
| --- | --- |
| Salted Caramel | **INGREDIENTS:** Proto Whey® protein blend (Micro Peptides™ from High-DH hydrolyzed whey protein [40% di and tripeptides], whey protein isolate, milk protein isolate), palm oil, enriched flour (wheat flour, malted barley flour, niacin, reduced iron, thiamine mononitrate, riboflavin, folic acid), sugar, canola oil, dextrose, natural flavors, soy lecithin, annatto, sea salt, sucralose, cocoa processed with alkali, baking soda, ammonium bicarbonate, stevia leaf extract.<br><br>**INGREDIENTS:** Proto Whey protein blend (Micro Peptides from High-DH hydrolyzed whey protein [40% di and tripeptides], whey protein isolate, milk protein isolate), palm oil, enriched flour (wheat flour, malted barley flour, niacin, reduced iron, thiamine mononitrate, riboflavin, folic acid), sugar, canola oil, dextrose, ==natural flavors==, soy lecithin, annatto, sea salt, sucralose, cocoa processed with alkali, baking soda, ammonium bicarbonate, stevia leaf extract. |
| Chocolate Mint | **INGREDIENTS:** Proto Whey® protein blend (Micro Peptides™ from High-DH hydrolyzed whey protein [40% di and tripeptides], whey protein isolate, milk protein isolate), palm oil, enriched flour (wheat flour, malted barley flour, niacin, reduced iron, thiamine mononitrate, riboflavin, folic acid), palm kernel oil, sugar, canola oil, cocoa processed with alkali, fructose, natural flavors, soy lecithin, maltodextrin, salt, stevia leaf extract, baking soda, ammonium bicarbonate, monk fruit.<br><br>**INGREDIENTS:** Proto Whey protein blend (Micro Peptides from High-DH hydrolyzed whey protein [40% di and tripeptides], whey protein isolate, milk protein isolate), palm oil, enriched flour (wheat flour, malted barley flour, niacin, reduced iron, thiamine mononitrate, riboflavin, folic acid), sugar, palm kernel oil, cocoa processed with alkali, fructose, ==natural flavors==, soy lecithin, maltodextrin, salt, stevia leaf extract, baking soda, ammonium bicarbonate, monk fruit. |
| French Vanilla | **INGREDIENTS:** Proto Whey® protein blend (Micro Peptides™ from High-DH hydrolyzed whey protein [40% di and tripeptides], whey protein isolate, milk protein isolate), palm oil, enriched flour (wheat flour, malted barley flour, niacin, reduced iron, thiamine mononitrate, riboflavin, folic acid), sugar, palm kernel oil, canola oil, dextrose, soy lecithin, natural flavors, sucralose, baking soda, salt, ammonium bicarbonate, stevia leaf extract.<br><br>**INGREDIENTS:** Proto Whey protein blend (Micro Peptides from High-DH hydrolyzed whey protein [40% di and tripeptides], whey protein isolate, milk protein isolate), palm oil, enriched flour (wheat flour, malted barley flour, niacin, reduced iron, thiamine mononitrate, riboflavin, folic acid), sugar, palm kernel oil, |

| | |
|---|---|
| Wild Berry Creme | canola oil, dextrose, soy lecithin, ==natural flavors==, sucralose, baking soda, salt, ammonium bicarbonate, stevia leaf extract.<br><br>**INGREDIENTS:** Proto Whey® protein blend (Micro Peptides™ from High-DH hydrolyzed whey protein [40% di and tripeptides], whey protein isolate, milk protein isolate), palm oil, canola oil, enriched flour (wheat flour, malted barley flour, niacin, reduced iron, thiamine mononitrate, riboflavin, folic acid), sugar, palm kernel oil, dextrose, soy lecithin, natural & artificial flavors, sucralose, citric acid, red 40, baking soda, salt, ammonium bicarbonate, stevia leaf extract.<br><br>**INGREDIENTS:** Proto Whey protein blend (Micro Peptides from High-DH hydrolyzed whey protein [40% di and tripeptides], whey protein isolate, milk protein isolate), palm oil, enriched flour (wheat flour, malted barley flour, niacin, reduced iron, thiamine mononitrate, riboflavin, folic acid), sugar, palm kernel oil, canola oil, dextrose, soy lecithin, ==natural & artificial flavors==, sucralose, citric acid, red 40, baking soda, salt, ammonium bicarbonate, stevia leaf extract. |

11. "Natural flavor" refers to "the essential oil, oleoresin, essence or extractive…which contains the flavoring constituents" from a natural source such as plant material.[3]

12. "Artificial flavor" refers to any substance intended to impart flavor that "is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products."[4]

13. Natural flavor and artificial flavor may each refer to combinations of natural or artificial flavors.

14. The absence of the terms "natural flavor" or "artificial flavor" from the front labels misleads consumers because they will (1) expect the Products contain an amount of the characterizing ingredients sufficient to independently characterize the Products, (2) not expect the Products' flavor to be supplied by natural and artificial flavor compounds instead of the characterizing ingredients of the food.

---

[3] 21 C.F.R. § 101.22(a)(3).
[4] 21 C.F.R. § 101.22(a)(1).

15. The absence of the terms "natural flavor" or "artificial flavor" causes consumers to pay more for the Products because they:

(i) Expect the Products contain the characterizing ingredients, which are more expensive than natural flavor that are derived from the characterizing ingredients;

(ii) characterizing ingredients provide nutritional value and flavor, instead of the limited function of "natural flavor" and "artificial flavor," which essentially are a delivery mechanism to affect the Products' taste and flavor;[5]

(iii) Increasingly seek foods which incorporate ingredients in a less or minimally processed form, consistent with the type of food and recognizing that *some* transformation of the raw commodity must occur to become part of a finished food product, i.e., mint oil as an ingredient derived from mint leaves as opposed to expecting the Products contain whole mint leaves;

16. The correct labeling for the Products' flavors cannot be determined without access to the labeling of the flavor ingredients when shipped from a flavor company to the food manufacturer or processor, and such information not available to consumers.[6]

17. Even though the ingredients are listed as "natural flavor" and "artificial flavor" on the ingredient list, the front label designation of a product's flavoring is based on factors beyond the source material and the process used to make the flavor, such as whether (1) the natural flavor is derived from the characterizing food ingredient commonly expected to be part of the product[7] and (2) the artificial flavor simulates, resembles or reinforces the characterizing flavor.

---

[5] 21 C.F.R. § 101.22(a)(1) ("The term artificial flavor or artificial flavoring means any substance, the function of which is to impart flavor); 21 C.F.R. § 101.22(a)(3) (Natural flavor's "significant function in food is flavoring rather than nutritional").
[6] 21 C.F.R. § 101.22(g).
[7] 21 C.F.R. § 101.22(i).

18. If the natural flavor on the ingredient list of the Chocolate Mint Products[8] was derived from chocolate and mint, a non-misleading designation of the Products would be Natural Chocolate Mint Flavored Protein Energy Bar.[9]

19. If the "natural flavor" identified on the ingredient list of the Chocolate Mint Products was not derived from chocolate and/or mint, a non-misleading designation of the Products would be Artificially Flavored Chocolate Mint Protein Energy Bar.[10]

20. "Artificially flavored" is a non-misleading term in this scenario because the Products do not contain any of the characterizing ingredients, and thus cannot impart flavor.

21. The Wild Berry Crème Products contain "natural flavor" and "artificial flavor."

22. Assuming the natural flavor is derived from the characterizing food ingredients and that the artificial flavor does not simulate, resemble or reinforce the characterizing flavor, a non-misleading designation would be "Natural Wild Berry Crème Flavored Protein Energy Bar."[11]

23. Since the artificial flavor is not designed to imitate the natural flavor, it does not need to be listed on the front label because the manufacturer is not using the artificial flavor to make the consumer think there is more of the natural flavor present than there is.

24. Assuming the natural flavor is derived from the characterizing food ingredients and that the artificial flavor simulates, resembles or reinforces the characterizing flavor, a non-misleading designation would be "Artificially Flavored Wild Berry Crème Protein Energy Bar."[12]

25. Even if a product is mostly flavored with natural flavor derived from the characterizing food ingredient, the addition of a small amount of artificial flavor which simulates

---

[8] And the Salted Caramel, French Vanilla Crème and Wild Berry Crème.
[9] 21 C.F.R. § 101.22(i)(1)(i).
[10] 21 C.F.R. § 101.22(i)(1)(ii).
[11] 21 C.F.R. § 101.22(i)(1)(i).
[12] 21 C.F.R. § 101.22(i)(2).

7

the natural flavor is more material and required to be declared in lieu of any natural flavor because:

1. artificial flavor is often concentrated with several times the strength of a natural flavor, so that the amount of the ingredient is not indicative to its importance; and

2. natural flavors are more expensive than artificial flavors so the manufacturer can more readily mislead consumers through artificial flavors that mimic the natural flavor.[13]

II. Conclusion

26. The proportion and amount of the characterizing ingredients and the presence or absence of natural and/or artificial flavors has a material bearing on price or consumer acceptance of the Products, because these ingredients and natural flavors are more desired by consumers and cost more.

27. Had Plaintiff and Class members known the truth about the Products, they would not have bought the Products or would have paid less.

28. The Products contain other representations which are misleading and deceptive.

29. As a result of the false and misleading labeling, the Products cost no less than $2.99 per 1.4 OZ (40 G), excluding tax – premium prices compared to other similar products represented in a non-misleading way.

Jurisdiction and Venue

30. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

---

[13] The requirement for declaration of artificial flavors simulating the natural flavor is a subtle deterrent from using artificial flavors, especially since there is no requirement a manufacturer make any representations as to a product's flavor.

31. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

32. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

33. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

34. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

35. Plaintiff is a citizen of Bronx County, New York.

36. Defendant is a citizen of California because it is a California corporation with a principal place of business in Irvine, California, Orange County.

37. During the class period, Plaintiff purchased one or more of the Products identified herein for personal use, consumption or application based on the above representations, for no less than the price indicated, *supra*, excluding tax, within their districts and/or states.

38. Plaintiff would consider purchasing the Products again if there were assurances that the Products' representations were no longer misleading.

## Class Allegations

39. The classes will consist of all consumers in all 50 states with sub-classes for the individual states and nationwide classes.

40. The complaint contains Plaintiff(s) from: New York, who will represent his/her/their state sub-classes of persons who purchased any Products containing the actionable representations during the statutes of limitation.

41. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if Plaintiff and class members are entitled to damages.

42. Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

43. Plaintiff is an adequate representative because his interests do not conflict with other members.

44. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

45. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

46. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

47. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
and Consumer Protection Statutes of Other States and Territories

48. Plaintiff asserts causes of action under the consumer protection statutes of New York and subsequently identified plaintiffs will assert the all 50 states, with Plaintiff asserting the consumer protection laws of his or her individual state.

49. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because (1) it gives the impression to consumers the Products contain more of the characterizing ingredients than they actually do, (2) the absence of any flavoring designation means the consumers will expect the flavor only comes from (i) the inclusion of the food ingredients, (ii) the inclusion of food ingredients and natural flavor derived from the food ingredients and (3) the

ingredient list fails to dispel ambiguity and reinforces the front-label impression as to the amount and/or type of the characterizing ingredients and presence or absence of natural and/or artificial flavors.

50. Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

51. Plaintiff and class members desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

52. After mailing appropriate notice and demand, any plaintiff in a State where notice is required prior to seeking damages under that State's Consumer Protection Statutes, will have mailed and/or have amended this complaint to request damages.

53. Plaintiff and class members relied on the representations and omissions, paying more than they would have, causing damages.

## Negligent Misrepresentation

54. Plaintiff incorporates by reference all preceding paragraphs.

55. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products through representing the characterizing ingredient was present in greater amount than it was and affirmatively representing the Products was flavored due to presence of the food ingredients.

56. Defendant had a duty to disclose and/or provide non-deceptive labeling of the Products and knew or should have known same were false or misleading.

57. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product or service type.

11

58. The representations took advantage of consumers' (1) cognitive shortcuts made at the point-of-sale and (2) trust placed in defendant, a well-known and respected brand in this sector.

59. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

60. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and<br>
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

61. Plaintiff incorporates by reference all preceding paragraphs.

62. Defendant manufactures and sells products which contain characterizing ingredients and/or flavors which are desired by consumers.

63. The Products warranted to Plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

64. Defendant's front labels informed and warranted to Plaintiff the Products contained the characterizing ingredients in amounts sufficient to independently characterize the food and that the flavor imparted to the Products was a result of the food ingredients and not the "natural flavor" or "artificial flavor."

65. Defendant had a duty to disclose and/or provide a non-deceptive description of the Products flavoring and ingredients and knew or should have known same were false or misleading.

66. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

67. Plaintiff provided or will provide notice to defendant and/or its agents,

representatives, retailers and their employees.

68. The Products did not conform to their affirmations of fact and promises due to defendant's actions and were not merchantable.

69. Plaintiff and class members relied on defendant's claims, paying more than they would have.

### Fraud

70. Plaintiff incorporates by references all preceding paragraphs.

71. Defendant's purpose was to sell products with valuable and desired characterizing ingredients, which could provide nutritional value as opposed to only affecting a product's flavor or flavor, and represent the Products contained enough of these ingredients to characterize the Products.

72. The Products were not flavored exclusively from the characterizing ingredient but from flavor compounds blended together and labeled as "natural flavor" and "artificial flavor."

73. Defendant's fraudulent intent is evinced by its failure to accurately indicate the Products contained natural and artificial flavor on the front label, when it knows or should know consumers will pay more for products that (1) get their flavor from food ingredients instead of added flavor and (2) only have natural flavor instead of artificial flavor.

74. Defendant's intent was to secure economic advantage in the marketplace against competitors by appealing to consumers who value products with sufficient amounts of the characterizing ingredients for the above-described reasons.

75. Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

### Unjust Enrichment

76. Plaintiff incorporates by references all preceding paragraphs.

77. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove and/or refrain from the challenged representations, restitution and disgorgement for members of the State Subclasses pursuant to the consumer protection laws of their States;

4. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and consumer protection law claims, and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   September 19, 2019

          Respectfully submitted,

          Sheehan & Associates, P.C.
          /s/Spencer Sheehan
          Spencer Sheehan
          505 Northern Blvd., Suite 311
          Great Neck, NY 11021

(516) 303-0552
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:19-cv-08729
United States District Court
Southern District of New York

Hipolito Baez individually and on behalf of all others similarly situated

                                     Plaintiff

   - against -

Bio-Nutritional Research Group, Inc.

                                    Defendant

## Complaint

```
Sheehan & Associates, P.C.
 505 Northern Blvd., #311
   Great Neck, NY 11021
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: September 19, 2019

                                                                   /s/ Spencer Sheehan
                                                                        Spencer Sheehan